No. 299

GREAT AMER. IND. CO. v. HALL
Ohio Appeals, 7th Dist., Trumbull Co.
No. 441. Decided Feb. 10, 1927

647. INSURANCE—If one wrecks his car while intoxicated, he cannot recover insurance thereon, even though same was not contemplated in the policy.

First Publication of this Opinion

POLLOCK, J.

Luther F. Hall brought an action in the Trumbull Common Pleas against the Great American Mutual Indemnity Co. to recover on the indemnity in a policy of insurance on an automobile which was insured by the company. The case was tried and at the end of the company's testimony, the court directed a verdict for Hall. This action is brought to reverse the judgment.

The facts were that Hall was the owner of a Moon car, and about 8 o'clock P. M. he struck a water plug and damaged his car. The company defended on the ground that when Hall struck the plug he was intoxicated and his intoxication was the result of the damages; that same was not included in the risk, and that whether same was included or not, 12628-1 GC., made it a misdemeanor to operate a car while intoxicated.

The Court of Appeals held:

1. "A party is not permitted to insure against his own knavery. Public policy does not sanction such contracts, and the assurer is not liable for the wilful, reckless or fraudulent acts of the assured, nor for his acts or bad faith, misconduct or wrong doing - - - - so the distruction of the property by the assured relieves the insurer from liability, though there is no stipulation to that effect in the policy."

2. "A contract indemnifying insured against the consequences of a violation of a criminal statute by him is void as against public policy."

3. It is argued that to place such a construction on an indemnity or insurance on a motor vehicle, would practically destroy the value of such insurance to the insured, in other words acts in operating a motor vehicle which would ordinarily be only common law negligence, are now criminal by statute.

4. Our attention has been called to numerous cases wherein the insurance company was not released from liability because of the negligence of the insured upon the ground that the character of the liability is not to be determined by analyzing the constituent acts, which, in combination make up the transaction, and viewing them distributively. It is determined by the quality and purpose of the transaction as a whole.

5. The question therefore dissolves itself into whether the facts here come under the rule above or under the principle that he intended to destroy the property insured.

6. In the rule first laid down it provides that the insurer is not liable for wilful, reckless or fraudulent acts of the insured. When one drives a car while intoxicated it cannot be said that he does not intend to do the very thing that is most liable to occur. He is held just like other people, to intend the usual and the ordinary results of his conduct. State v. Sappienza, 84 OS. 70.

7. When a party drives while intoxicated and destroys property of the assured, he must be held to intend that very result. The insurance company, whether such act was included in the insurance policy or not, is not responsible for the damage.

Judgment reversed and cause remanded.

(Farr & Roberts, JJ., concur.)

Attorneys—C. H. Workman, Mansfield, and D. Templeton, Warren for Company; Jay Buchwalter, Warren for Hall.